■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL ROBINSON, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Westchester County, imposed May 31, 1977, upon his conviction of manslaughter in the first degree, on his plea of guilty, the sentence being an indeterminate term of imprisonment not to exceed 10 years. Sentence modified, as a matter of discretion in the interest of justice, by reducing the maximum period of imprisonment to three years. As so modified, sentence affirmed. Before sentence was imposed the court stated: "this probation report is one of the most favorable I have received on any defendant who appeared before me. You must understand, Mr. Robinson, that it always disturbs a court tremendously to have a man of your intelligence and your background appear before me. However, the Court can't ignore the fact that a life was taken here, and this charge has been reduced to a manslaughter charge. Mr. Insero [defendant's counsel] properly stated and the record will show that this dispute arose over a small sum of money; that the victim here, Mr. Williams was the driver of a taxi; and by virtue of that dispute with you, he punched you repeatedly—he was the aggressor—he punched you repeatedly in the face. Then, that you, in order to protect yourself, apparently lost control of yourself and you stabbed him not

once but several times with a knife. The record will indicate here that you have a great deal of remorse. I am sure you have. The record shows that you have a high school education; you had a scholarship for basketball; you have spent time at Westchester Community College, you have done apparently a year and a half of college credits here." Defendant, age 25, has been incarcerated since the date of the incident. Prior to the instant case he had an unblemished record. In support of his application for a reduction in sentence, defendant has submitted an 18-page letter setting forth constructive plans for the future when he is released from prison. He states that while incarcerated he has continued his education and has completed more than one year in printing school. Additionally, the defendant is currently spending one half of each day attending classes preparatory for his return to college and the other half of each day attending wood-finishing class. Having examined the defendant's plea minutes, sentence minutes and probation report, we agree with the statements made by the sentencing Judge. Accordingly, under all the facts and circumstances here disclosed, we conclude that the sentence imposed was excessive and that this is a proper case for us to exercise our discretion by reducing the sentence to an indeterminate term of imprisonment not to exceed three years. Mollen, P. J., Hopkins, Martuscello and Latham, JJ., concur.