(May 30, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRISTOBAL SOLIS, Appellant.—Casey, J. Appeal from a judgment of the County Court of Sullivan County (Vogt, J.), rendered December 5, 1988, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree.

Defendant's conviction stemmed from charges made against him following a "buy and bust" operation conducted by deputies of the Sullivan County Sheriff's Department who were investigating drug trafficking in the Village of Monticello. On January 8, 1988, Deputies Paul Pratti and Joseph Cullen, in plain clothes, in an unmarked car and accompanied by an informant, went to the West Broadway Motel in search of a suspect named "Mantoso" whom they had reason to believe lived in room No. 1. The informant was to introduce the deputies to Mantoso. When no one answered their knock on the door of room No. 1, they met defendant standing outside room No. 4. The informant and Cullen asked defendant about Mantoso and about cocaine and were invited into defendant's apartment. Codefendant Alejandro Baretto was there and in the course of the conversation a price of $20 was agreed upon. Cullen gave $20 to another codefendant, Jose Bello, who left to obtain the cocaine. Cullen testified at trial that he received a small quantity of cocaine. The informant was not called as a witness. Although Cullen was "wired" during the investigation, the Prosecutor introduced no tape of the conversation that took place during the alleged sale. According to the officer in charge of the operation, the recording device did not work.

A few days later, on January 11, 1988, the same deputies accompanied by a different informant returned to the hotel in search of Mantoso. When Mantoso was not there, they knocked on defendant's door and were admitted by defendant. The officers suggested a larger amount of cocaine, specifically an "eight ball" which consists of 3.5 grams. Defendant did not have the cocaine there but, according to the officers, said that

he would obtain it for $125. Not willing to risk the money, the officers told defendant to get the "eight ball" and they would return the next night to pick it up. Again, Cullen was wearing a "wire" and again it was claimed that the recording device did not work. The second informant did not testify either.

On January 13, 1988, the officers returned with the second informant to pick up the "eight ball". They were prepared to make an arrest. Cullen was again "wired" with a recording device that malfunctioned. After some haggling about the price, $150 was stated to have been agreed upon with defendant. Pratti placed the money on the television set. Baretto finally picked up the money from the television set, while Bello began to lock the door of the apartment. Defendant reached behind the bed and pulled out a brass ball, but before this ball was delivered to Pratti, the backup police officers kicked in the door and arrested defendant, Baretto and Bello. The ball, which was part of a bed post, revealed some white powder.

A further search of the apartment disclosed the "eight ball" of cocaine, small amounts of drug paraphernalia, consisting of small bottles and pipes and cut up magazines which the officers testified could be used for selling small quantities of drugs. When defendant was searched, five tiny packets of cocaine were found hidden in a package of cigarettes. At trial, defendant testified on his own behalf and readily admitted that he was a drug user, but denied that he was a drug dealer. He stated that he refused to sell any drugs to the officers who came to his apartment, but admitted that he used cocaine and stated that the cocaine found in the cigarette package was for his personal use. He further claimed that the "eight ball" was not his.

Defendant was found guilty of criminal sale of a controlled substance in the third degree relating to the incident of January 13, 1988 and also guilty of criminal possession of a controlled substance in the seventh degree as a lesser included offense of the charge of criminal possession of a controlled substance in the third degree. Defendant was sentenced as a predicate felon to an indeterminate prison term of 12½ to 25 years on the sale conviction and one year on the illegal possession conviction, with the sentences to be served concurrently.

On this appeal, defendant argues that the evidence was legally insufficient to support his conviction for criminal sale of a controlled substance in the third degree. In support of his

claim defendant urges that no intent or knowledge on his part was shown *(see, People v Tune,* 103 AD2d 990, 992). Defendant also urges that very little evidence of any drug operation was found, considering the circumstances in which defendant, Baretto and Bello were living, and that the officers' testimony was often ambiguous, varied in certain details and was incredible, since a "wire" was admittedly used on several occasions and was claimed to have malfunctioned each time. We disagree. Despite the existence of these infirmities in the People's proof, the issues raised by defendant were essentially issues of credibility, which the jury decided adversely to defendant's interests *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932). The jury obviously credited the testimony of the officers that they and an informant offered defendant, Baretto and Bello money for drugs and defendant agreed. In our view, the evidence is sufficient to support defendant's conviction.

Defendant further contends that County Court erred in denying his request for a missing witness charge with respect to the second informant who was not called as a witness by the prosecution. County Court denied defendant's request on the basis that such evidence would be cumulative. We agree. Assuming that defendant carried his initial burden of showing the need for a missing witness charge, the record supports the County Court's conclusion that the informant's testimony would be cumulative since the police and the informant were present together at the underlying operation *(see, People v Gonzalez,* 68 NY2d 424, 427-428).

Given defendant's lengthy criminal record, we reject defendant's contention that his sentence was harsh and excessive. We have considered defendant's challenge to the entire jury panel on the ground that many jurors either sat or had been questioned on a previous criminal case. We find that County Court appropriately excluded all jurors who sat on the other case but refused to disqualify the entire jury panel, especially in the absence of any prejudice shown by defendant. Defendant's conviction should in all respects be affirmed.

Judgment affirmed. Mahoney, P. J., Casey, Weiss and Harvey, JJ., concur.

Yesawich, Jr., J., concurs in a memorandum. Yesawich, Jr., J. (concurring). I am unable to agree with County Court's conclusion that the missing witness's testimony would necessarily be cumulative *(see, People v Dillard,* 96 AD2d 112, 116-117). Nevertheless, I vote to affirm the conviction because I find nothing in the record indicating that defendant, when requesting the missing witness charge, carried his burden of

showing that the uncalled witness could be expected to testify favorably to the People's cause *(see, People v Dianda,* 70 NY2d 894, 896; *People v Gonzalez,* 68 NY2d 424, 428).