(February 13, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEJANDRO BARRETO, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Sullivan County (Vogt, J.), rendered December 5, 1988, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

On this appeal defendant challenges his conviction on the ground that it is not supported by sufficient evidence, that County Court improperly denied defendant's request for an intoxication charge and that the sentence imposed was excessive. In our view defendant's arguments to reverse the conviction or to modify the sentence are without merit. The judgment of conviction should therefore be affirmed.

Defendant and others were charged in an indictment with two counts of criminal sale of a controlled substance in the third degree arising out of two separate sales of cocaine to undercover police officers, one on January 8, 1988 and the other on January 13, 1988. Defendant was acquitted of the January 8, 1988 charge and convicted of the January 13, 1988 charge (count 2 of the indictment). The underlying facts can be found in this court's affirmance of the conviction of one of defendant's codefendants (see, People v Solis, 173 AD2d 1089, lv denied 78 NY2d 974, 1081).

Viewing the evidence presented at trial in the light most favorable to the People, as we must (see, People v Contes, 60 NY2d 620), there is sufficient evidence from which a jury could reasonably find beyond a reasonable doubt that defendant committed the criminal activity charged in the second count of the indictment (see, People v Williams, 79 NY2d 803, affg on opn below 172 AD2d 448). The jury had before it evidence that defendant resided with the codefendants in the room where the sale occurred, was present on January 11, 1988 when arrangements for the January 13, 1988 sale were made and again at the time of the sale, and picked up and counted the purchase money after it was placed on a television by the undercover officer.

As to defendant's second argument, there is insufficient evidence of defendant's intoxication on January 13, 1988 to require an intoxication charge (see, People v Rodriguez, 76

NY2d 918, 920). Further, we do not find the prison sentence imposed of 3 to 9 years to be excessive. It was within the maximum authorized (see, Penal Law § 70.00 [2] [b]; [3] [b]) and defendant has failed to demonstrate that County Court abused its discretion or that extraordinary circumstances exist which would warrant reduction of the sentence in the interest of justice (see, People v Robinson, 66 AD2d 903; People v Caputo, 13 AD2d 861).

Weiss, P. J., Yesawich Jr. and Crew III, JJ., concur. Ordered that the judgment is affirmed.