■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BRUMFIELD, Appellant. [596 NYS2d 649] —Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered October 3, 1990, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the prosecution violated the rules set forth in *People v Rosario* (9 NY2d 286) is unpreserved for appellate review *(see, People v West,* 184 AD2d 743; *People v Hilliard,* 173 AD2d 559). In any event, the defendant received the material in time to conduct meaningful cross-examination of the witness who made the statement *(see, People v Donovan,* 141 AD2d 835; *People v Fiacco,* 172 AD2d 994). To the extent that the People may have violated the principles of *Brady v Maryland* (373 US 83), reversal is not required, since the defendant was given a meaningful opportunity to use the purportedly exculpatory material *(see, People v Anderson,* 160 AD2d 806; *People v Bolling,* 157 AD2d 733).

The defendant also contends that the trial court erred in denying his request for a missing witness charge with respect to a police informant. We disagree. The record supports the trial court's determination that the informant's testimony would be cumulative, since three police witnesses and the informant were present during the transaction *(see, People v Solis,* 173 AD2d 1089).

We have reviewed the defendant's remaining contentions, including that the sentence was excessive, and find them to be without merit. Bracken, J. P., Balletta, O'Brien and Ritter, JJ., concur.