■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WILLIAMS, Appellant. [634 NYS2d 316] —Judgment unanimously affirmed. Memorandum: Defendant contends that Supreme Court erred in denying his request for a *Wade* hearing. We conclude that the viewing of a photograph of defendant from the file by the officer who purchased cocaine from defendant on two separate occasions did not entitle defendant to a *Wade* hearing. If the undercover officer viewed the

photograph before his first encounter with defendant, the People were not required to provide a notice of identification *(see,* CPL 710.30 [1]). If the officer viewed the photograph between the first and second encounters, any hint of suggestiveness was dissipated when the officer observed defendant during a second face-to-face drug transaction; that second encounter, along with several telephonic communications with defendant, establishes assurances of reliability obviating the need for a *Wade* hearing *(see, People v Wharton,* 74 NY2d 921, 923).

Given defendant's extensive criminal history, we decline to exercise our power to modify defendant's sentence as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [b]). (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Criminal Sale Controlled Substance, 2nd Degree.) Present—Denman, P. J., Green, Wesley, Balio and Boehm, JJ.