■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANDRA A. BROWNE, Appellant. [651 NYS2d 930] —Mercure, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered August 18, 1995, upon a verdict convicting defendant of four counts of the crime of criminal sale of a controlled substance in the third degree.

Defendant's convictions arise out of four separate sales of cocaine to State Police Investigator Steven Rose and State Trooper Barbara Arney at a bar in the City of Binghamton, Broome County, in August and September 1994. The contentions advanced on appeal are lacking in merit and warrant little discussion. First, we conclude that Arney's observation

and confirmatory identification of defendant outside the bar no more than 20 minutes following the September 14, 1994 sale constituted a "viewing by [a] trained undercover narcotics officer occurr[ing] at a place and time sufficiently connected and contemporaneous to the [drug sale] as to constitute the ordinary and proper completion of an integral police procedure" (*People v Wharton*, 74 NY2d 921, 922-923). As such, no *Wade* hearing was warranted in the first instance (*see, supra*; *People v Walker*, 217 AD2d 856, 858). Moreover, the testimony adduced at the hearing that was conducted established that the sole purpose of the identification was to permit the police " 'to put a name to a face' " (*see, People v Cobian*, 185 AD2d 452, 453, *lv denied* 81 NY2d 838; *People v Laurey*, 163 AD2d 742, 743, *lv denied* 76 NY2d 941) and dispelled any claim of suggestiveness.

The contentions that the sentence of consecutive 2- to 6-year prison terms was harsh and excessive and that County Court erred in its rulings on evidentiary objections have been considered and found similarly unavailing. Defendant's remaining contentions are either unpreserved for our consideration (*see*, CPL 470.05 [2]) or without merit.

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.