■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM O. LITTLE, Appellant. [719 NYS2d 326] —Peters, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered January 29, 1999, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Pursuant to an undercover investigation in Broome County, Mary Yurenda, a member of the State Police Community Narcotics Enforcement Team, made several undercover purchases of narcotics from an apartment located in the Village of Endicott, Broome County. On July 22, 1998, after arranging to buy crack cocaine but prior to the purchase, Yurenda was shown pictures of defendant and a female, targeted as suspects selling drugs out of the subject apartment, by Detective Michael Kaminsky of the Village of Endicott Police Department.

When Yurenda entered the apartment, defendant and the female were packing crack cocaine into small bags. Yurenda, seated in front of defendant for approximately two minutes, purchased three bags of crack cocaine for $60 and left the apartment. Sometime thereafter, she informed Kaminsky that defendant, one of the persons in the target photographs, sold her the cocaine.

Upon defendant's appearance in court concerning a separate indictment for criminal sale of a controlled substance in the third degree, he was arrested and subsequently indicted for the same crime based upon this sale to Yurenda. While pretrial omnibus motions were submitted on both indictments, defendant never moved for a pretrial identification *Wade* hearing concerning the arrest precipitated by the sale to Yurenda.

In a consolidated trial on both indictments, Yurenda provided

an in-court identification of defendant, without objection, and described the drug transaction which occurred on July 22, 1998. To rebut his purported role, Yurenda was cross-examined concerning the accuracy of her identification, including her failure to observe a scar on defendant's leg. Several alibi witnesses were also introduced, testifying that defendant was in another location at the time of the incident. The jury returned a not guilty verdict concerning the prior indictment and a verdict of guilty as to the single charge arising from the sale to Yurenda. Sentenced as a second felony offender to a term of imprisonment of 4½ to 9 years, he appeals.

Initially, we reject defendant's contention that the prosecution's pretrial notice failed to comply with the mandates of CPL 710.30 as no challenge to the proposed identification was propounded in the pretrial omnibus motion. In addition, during the prosecution's pretrial motion to consolidate the indictments, it became clear that a target photograph of defendant had been shown to Yurenda and that she was expected to make an in-court identification. Again, defendant failed to request a *Wade* hearing despite this knowledge. However, since Yurenda viewed the photograph before her first encounter with defendant and on no other occasion, a *Wade* hearing was not required (*see, People v Williams,* 221 AD2d 953, *lv denied* 87 NY2d 926; *People v Brooks,* 210 AD2d 800, *lv denied* 85 NY2d 906), thereby obviating the contention raised on appeal concerning defendant's lack of meaningful representation (*see, People v Baldi,* 54 NY2d 137).

Defendant's challenge to the weight and sufficiency of the evidence is equally unavailing. While defendant and three other witnesses asserted his alibi defense, Yurenda clearly testified to the sale and made an in-court identification of defendant as the one from whom she purchased drugs. In our view, the verdict is amply supported (*see, People v Bleakley,* 69 NY2d 490; *People v Carthrens,* 171 AD2d 387).

After having considered and rejected defendant's remaining contentions as without merit, we affirm the judgment of conviction.

Crew III, J. P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.