■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD P. GARNETT, Appellant. [740 NYS2d 152] —Mercure, J.P. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered May 27, 1999, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant's conviction arises out of his April 8, 1998 sale of crack cocaine to undercover police officers. On appeal, he challenges County Court's denial of his motion to suppress evidence of a confirmatory showup that took place minutes after the sale, the jury's guilty verdict as unsupported by the trial evidence, and the 6 to 12-year sentence imposed by County Court as harsh and excessive. In our view, there is no merit to any of defendant's contentions and we accordingly affirm.

The evidence adduced at the suppression hearing and at trial indicates that immediately after the drug sale was concluded, one of the undercover officers radioed a backup team, advising that the sale had taken place and providing the backup team with a description of the seller. The backup team responded to the location of the sale, approached defendant, who was the only individual matching the description given over the radio, and briefly detained him on a ruse while the undercover officer passed by in a car and identified defendant as the individual who had sold the drugs. Although the papers presented on the suppression motion have not been included in the record on appeal, it appears that defendant moved to sup-

press evidence of the undercover officer's postsale identification of defendant as the product of an unduly suggestive showup procedure. Based on the People's proffer of evidence tending to establish the reliability of the identification procedure, County Court denied the motion.

We conclude that the undercover officer's observation and confirmatory identification of defendant within 10 minutes of the April 8, 1998 sale constituted a "viewing by [a] trained undercover narcotics officer occurr[ing] at a place and time sufficiently connected and contemporaneous to the [drug sale] as to constitute the ordinary and proper completion of an integral police procedure" (*People v Wharton*, 74 NY2d 921, 922-923; *see, People v Browne*, 234 AD2d 712, 713, *lv denied* 89 NY2d 940) and the identification procedure was not inherently suggestive (*see, People v Walker*, 217 AD2d 856, 858). As such, no *Wade* hearing was warranted in the first instance (*see, People v Wharton, supra; People v Browne, supra; People v Walker, supra*). The present claim that the identification resulted from defendant's illegal arrest (*see, People v Gethers*, 86 NY2d 159) is not only unpreserved for our consideration, but directly contradicts trial counsel's representation on the record at the *Wade* hearing that defendant was making no claim of illegal arrest (*see, People v Martin*, 50 NY2d 1029, 1031; *People v Kirby*, 280 AD2d 775, 777, *lv denied* 96 NY2d 920).

Also unavailing is defendant's attack on the sufficiency of the trial evidence. Given the trained narcotics officers' in-court identification of defendant and testimony concerning their three separate encounters with defendant over a 17-minute span on April 8, 1998 and their opportunity to study his appearance for several minutes under good lighting conditions, the minor defects or inconsistencies in the trial evidence addressed by defendant fail to raise any genuine issue concerning the jury's evaluation of the trial evidence (*see, People v Little*, 279 AD2d 703, 704, *lv denied* 96 NY2d 831; *People v Bradley*, 272 AD2d 635, 636-637). As a final matter, considering that defendant was arrested on additional charges while he was at liberty pending sentencing, we conclude that his sentence as a second felony offender to an indeterminate prison term of 6 to 12 years, which is less than the maximum allowed by law (*see,* Penal Law § 70.06 [3] [b]; [4] [b]), is by no means harsh or excessive (*see, People v Vazquez*, 284 AD2d 730).

Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.