■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH J. WELCH, Appellant. [752 NYS2d 168] —Rose, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered December 8, 2000, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

During jury selection at the trial of charges arising out of his sale of cocaine to an undercover police officer, defendant requested that a new attorney be assigned because of his dissatisfaction with defense counsel. After County Court denied this request, defendant pleaded guilty to the charges. He was subsequently sentenced as a second felony offender to a term of 5 to 10 years in prison. Defendant now appeals, contending that County Court erred in denying substitution.

Specifically, defendant asserts that his counsel's assistance was ineffective because counsel failed to request a suppression hearing and, when he requested substitution, counsel also took a position on the record adverse to him. However, since defendant failed to move to either withdraw his guilty plea or vacate the judgment of conviction, the issue of whether he received the effective assistance of counsel prior to his request for substitution is unpreserved for our review (see People v Johnson, 288 AD2d 501, 502). In any event, were we to consider defendant's contentions, we would find them to be without merit. County Court conducted an adequate inquiry into the basis of the request for substitution and properly found counsel's decision not to move for suppression of the confirmatory identification to be reasonable (see People v Wharton, 74 NY2d 921; People v Browne, 234 AD2d 712, 713, lv denied 89 NY2d 940). Nor was counsel's request to withdraw from representation in response to County Court's denial of defendant's request tantamount to becoming an adversary to his client. Since these requests were not inconsistent, and they were made outside the jury's presence, we cannot agree that any conduct of defense counsel adversely affected defendant (see People v Rowe, 258 AD2d 378, 379, lv denied 93 NY2d 902; People v Maragh, 208 AD2d 563, 563, lv denied 84 NY2d 1013). Accordingly, County Court properly found that defendant did not make the required showing of good cause to warrant substitution (see People v Halpin, 261 AD2d 647, 647, lv denied 93 NY2d 971).

Next, we find no merit in defendant's contentions that the

People failed to meet their initial burden of establishing his prior felony conviction and that his counsel was ineffective in attempting to demonstrate that the guilty plea upon which the prior conviction is based was unconstitutionally obtained. County Court conducted a full hearing on this issue and had the benefit of a transcript of the earlier plea allocution. Our review of the record reveals that the People met their initial burden by providing a certificate of conviction which defendant conceded to be accurate (*see* CPL 60.60 [1]), and that there is no evidence that his prior plea was the result of ineffective assistance of counsel. Thus, County Court properly rejected defendant's claim that the prior conviction was obtained in violation of his constitutional rights (*see* CPL 400.21 [7] [b]; *People v Harris*, 61 NY2d 9, 15).

Finally, our review of the record reveals no basis to disturb County Court's exercise of its discretion in sentencing (*see People v Fulford*, 296 AD2d 661, 661; *People v Abbott*, 275 AD2d 481, 484, *lv denied* 96 NY2d 731). As defendant has failed to demonstrate that the court abused its discretion or that extraordinary circumstances exist warranting a modification, the sentence, which is within statutory guidelines, will not be disturbed (*see People v Fulford, supra*; *People v Garnett*, 293 AD2d 769, 770, *lv denied* 98 NY2d 651; *People v Barreto*, 180 AD2d 865, 866).

Mercure, J.P., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.