■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MCCLOSKEY, Appellant. [912 NYS2d 258]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Jaeger, J.), rendered December 12, 2008,

convicting him of driving while intoxicated as a felony (two counts), driving without adequate brakes, and driving without two license plates conspicuously displayed, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the facts, by vacating the conviction of driving without adequate brakes under count three of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court determined his motion for a trial order of dismissal with respect to count one of the indictment. Moreover, the Supreme Court properly denied that motion, as the People's evidence, which included testimony regarding the defendant's blood-alcohol content, was clearly sufficient to establish that the defendant operated a motor vehicle while having more than .08 of one per centum by weight of alcohol in his blood (*see* Vehicle and Traffic Law § 1192 [2]; § 1194; *see also People v Campbell*, 73 NY2d 481, 484 [1989]; *People v Hampe*, 181 AD2d 238 [1992]).

With regard to count three of the indictment, driving without adequate brakes, the defendant's general motion for a trial order of dismissal of this count did not preserve for appellate review his claim that the evidence was legally insufficient to show that he had knowledge of the defective condition of his brakes, as "general motions simply do not create questions of law" for an appellate court's review (*People v Hawkins*, 11 NY3d 484, 492 [2008]; *see People v Gray*, 86 NY2d 10, 19 [1995]; CPL 470.05 [2]; *People v Kolupa*, 13 NY3d 786 [2009]; *People v Finger*, 95 NY2d 894, 895 [2000]; *People v Soto*, 8 AD3d 683, 684 [2004]). However, on appeal, the defendant correctly argues that the verdict on that count of the indictment was against the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]). While the People adduced adequate evidence to establish that the brakes were inadequate, they did not proffer sufficient evidence to establish that the defendant knew that the brakes were not adequate while he was operating his vehicle on a public highway (*see* Vehicle and Traffic Law § 375 [1]; *People v Troiano*, 146 Misc 2d 770 [1990]; *see also Schaeffer v Caldwell*, 273 App Div 263 [1948]). Therefore, the conviction under count three of the indictment must be vacated and that count of the indictment dismissed. Skelos, J.P., Eng, Belen and Hall, JJ., concur.