# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1242**

**KA 08-02363**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

RICHARD RAWLEIGH, DEFENDANT-APPELLANT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, INC., LIVINGSTON CONFLICT
DEFENDER'S OFFICE, WARSAW (ANNA JOST OF COUNSEL), FOR
DEFENDANT-APPELLANT.

THOMAS E. MORAN, DISTRICT ATTORNEY, GENESEO (ERIC R. SCHIENER OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered October 2, 2008. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, a class D felony (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of felony driving while intoxicated ([DWI] Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c] [former (ii)]). Contrary to defendant's contention, the evidence is legally sufficient to establish that he operated a motor vehicle while having more than .08 of one per centum by weight of alcohol in his blood (*see* § 1192 [2]; *People v McCloskey*, 78 AD3d 1077, 1078, *lv denied* 16 NY3d 861), and that he operated the vehicle while in an intoxicated condition (*see* § 1192 [3]; *People v McGraw*, 57 AD3d 1516, 1517). Police and civilian witnesses testified that defendant was unsteady on his feet, that his eyes were glassy or bloodshot, that his speech was slurred, and that he smelled of alcohol. Defendant admitted that he consumed three 40-ounce bottles of beer and one other beer of unspecified quantity, and a subsequent breath test showed defendant's blood alcohol content (BAC) to be .10. Thus, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence is legally sufficient with respect to both counts of driving while intoxicated (*see generally People v Bleakley*, 69 NY2d 490, 495). Defendant's remaining contentions concerning the legal sufficiency of the evidence are unpreserved for our review inasmuch as his trial order of dismissal was not specifically directed at the alleged deficiencies identified on appeal (*see People v Gray*, 86 NY2d 10, 19; *People v Roman*, 85 AD3d

1630, *lv denied* 17 NY3d 821).  Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant further contends that the People committed a *Brady* violation and that he was thereby denied a fair trial based on the People's failure to provide him with photographs taken of him on the date of his arrest.  Contrary to defendant's contention, there was no *Brady* violation.  "*Brady* . . . does not require prosecutors to supply a defendant with evidence when the defendant knew of, or should reasonably have known of, the evidence and its exculpatory nature" (*People v Doshi*, 93 NY2d 499, 506; *see People v Singleton*, 1 AD3d 1020, 1021, *lv denied* 1 NY3d 580).  Here, the circumstances of defendant's arrest were such that he knew or should have known that he was being photographed and that the photographs were allegedly exculpatory in nature (*see People v Rivera*, 82 AD3d 1590, 1592, *lv denied* 17 NY3d 800; *People v Gilpatrick*, 63 AD3d 1636, 1637, *lv denied* 13 NY3d 835).

We also reject defendant's contention that he was denied a fair trial when the prosecutor asked him on cross-examination whether before testifying he had reviewed notes from a notepad situated next to defense counsel.  Even assuming, arguendo, that the prosecutor's question was improper, we conclude that it was not so egregious as to deny defendant a fair trial (*see People v Chatman*, 281 AD2d 964, 966, *lv denied* 96 NY2d 899; *see generally People v Agostini*, 84 AD3d 1716).  Defendant did not object when the prosecutor asked him whether his testimony was "the God-spoken truth."  Thus, he failed to preserve for our review his contention that he was denied a fair trial by that question (*see* CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Contrary to defendant's further contention, we conclude that the sentence is not unduly harsh or severe particularly in light of his criminal history and the fact that these crimes were committed after he had completed serving a sentence of incarceration of 1⅓ to 4 years on a prior DWI conviction.  Further, County Court did not err in considering defendant's arrests for aggravated unlicensed operation of a motor vehicle in sentencing him despite the fact that those charges were still pending (*see People v Khan*, 146 AD2d 806, 807, *lv denied* 73 NY2d 1021; *see also People v Garnett*, 293 AD2d 769, 770, *lv denied* 98 NY2d 651).  The court suspended defendant's license during the pendency of the trial, and defendant did not deny that he drove without a license in contravention of the court's order.  Finally, "the fact that the sentence imposed after trial was greater than that offered pursuant to the pretrial plea offer does not render the sentence unduly harsh" (*People v Mastowski*, 26 AD3d 744, 746, *lv denied* 6 NY3d 850, 7 NY3d 815).

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court