■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID G. GIFFORD, Appellant. [727 NYS2d 354] —Peters, J. Appeal from a judgment of the County Court of Delaware County (Estes, J.), rendered June 7, 1999, convicting defendant upon his plea of guilty of the crimes of driving while intoxicated and aggravated unlicenced operation of a motor vehicle.

In satisfaction of a four-count indictment, defendant pleaded guilty to driving while intoxicated and aggravated unlicenced operation of a motor vehicle; he was thereafter sentenced to terms of imprisonment of 1⅓ to 4 years and 1 to 3 years, respectively, with such sentences to run concurrently. Defendant appeals, contending that he was denied his constitutional right to effective assistance of counsel (US Const, 6th, 14th Amends; NY Const, art I, § 6). His argument is largely premised upon counsel's failure to recognize that the agreed-upon sentence of 2 to 4 years, which induced defendant to enter a guilty plea, was not a legal sentence because defendant was not a second felony offender.

Initially, this issue is not preserved for our review inasmuch as defendant has not moved either to withdraw his plea or vacate the judgment of conviction (see, People v Millis, 266 AD2d 581, lv denied 94 NY2d 826). Were we to consider defendant's claim, we would find it wholly without merit. Given that defendant admits that he ultimately received a shorter sentence than the one which induced him to plead guilty, we find no proof that "defendant suffered actual prejudice as a result of the claimed deficiencies, which is a necessary prerequisite to a finding of ineffective assistance of counsel" (People v Frascatore, 200 AD2d 860, 861).

Cardona, P. J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.