■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW COOK, Appellant. [731 NYS2d 552] —Carpinello, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered May 8, 2000, convicting defendant upon his plea of guilty of the crime of criminal mischief in the third degree.

Pursuant to a plea bargain, defendant waived indictment and, in satisfaction of a multicount information which included burglary in third degree, he entered a plea of guilty of criminal mischief in the third degree with no promise regarding sentence. He was thereafter sentenced to an indeterminate term of 1⅓ to 4 years in prison and now appeals.

There is no merit to defendant's challenge to the sentence as harsh and excessive (*see, People v Hale*, 268 AD2d 691; *People v Matos*, 170 AD2d 187, *lv denied* 77 NY2d 963). Defendant has a lengthy criminal history, which spans more than 25 years and includes at least two violations of previously imposed terms of probation, and he was on probation when he committed the instant crime. Contrary to defendant's claim that the sentence was imposed solely as retribution for this crime, the record demonstrates that the sentence appropriately reflected defendant's inability to refrain from repeated criminal conduct despite the prior leniency afforded him by the criminal justice system (*see, People v Farrar*, 52 NY2d 302).

Nor does defendant's claim of ineffective assistance of counsel at sentencing provide a basis to disturb the sentence. As so succinctly put by the People, "[t]he eloquence of the most persuasive attorney could not undo this defendant's criminal history."

Mercure, J. P., Peters, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed.