■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES E. WRIGHT, Appellant. [743 NYS2d 911] —Crew III, J. Appeal from a judgment of the County Court of Delaware County (Estes, J.), rendered May 8, 2000, convicting defendant upon his plea of guilty of the crimes of sexual abuse in the first degree (three counts) and endangering the welfare of a child (three counts).

In satisfaction of a multicount indictment, defendant entered a negotiated plea of guilty to three counts each of sexual abuse in the first degree and endangering the welfare of a child. Pursuant to the People's recommendation, County Court sentenced defendant to an aggregate term of 10 years in prison, consisting of concurrent seven-year prison terms for two of the sexual abuse counts, a consecutive prison term of three years for the remaining sexual abuse count and concurrent one-year jail terms for each of the three counts of endangering the welfare of a child. Defendant now appeals.

Initially, we note that inasmuch as defendant did not move

to either withdraw his plea or vacate the judgment of conviction, his claim of the ineffective assistance of counsel is not preserved for our review (*see, People v Gifford*, 285 AD2d 669). Nevertheless, were we to consider the issue, we would find it to be without merit. A defendant has received effective assistance of counsel so long as "the circumstances of a particular case, viewed in totality and as of the time of representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147). "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel * * *" (*People v Ford*, 86 NY2d 397, 404 [citations omitted]; *see, People v Crippa*, 245 AD2d 811, 812, *lv denied* 92 NY2d 850).

Here, defendant plainly received a favorable plea bargain, allowing him to avoid prosecution for the three most serious counts of the indictment, each of which carried a possible maximum sentence of 25 years. Moreover, defendant stated on the record that he was satisfied with the representation he had received (*see, People v Chevalier*, 226 AD2d 925, 929, *lv denied* 88 NY2d 934). Under such circumstances, we conclude that defendant was afforded meaningful representation.

Likewise, we find no merit to defendant's contention that his sentence is harsh and excessive. Given the nature of defendant's crimes, his lack of remorse and his failure to take advantage of prior opportunities to address his problems, we find no abuse of discretion in the sentence imposed, nor any extraordinary circumstances warranting its modification (*see, People v Krzykowski*, 293 AD2d 877, 880). We also note that the sentence was within the statutory guidelines and in accordance with the plea bargain (*see, People v Serna*, 186 AD2d 836, 837).

Cardona, P.J., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.