■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD WILLIAMS, Also Known as JUNE, Appellant. [748 NYS2d 879] —Appeal from a judgment of the County Court of Fulton County (Giardino, J.), rendered January 2, 2001, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.

Defendant pleaded guilty to the reduced charge of attempted criminal possession of a controlled substance in the third degree in satisfaction of a multicount indictment. Defendant was sentenced as a second felony offender to the agreed-upon prison term of 4½ to 9 years. Defendant appeals, contending that he was denied the effective assistance of counsel.

"In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404 [citations omitted]). Here, a review of the record reveals that defense counsel negotiated a more favorable plea than that initially offered by the People. Furthermore, the agreed-upon sentence, which was less than the maximum, substantially reduced defendant's exposure to a more lengthy prison term if convicted after a trial. Although defendant maintains that defense counsel permitted him to make incriminating statements to County Court prior to entering into the plea, he has failed to demonstrate how he suffered any prejudice as a result of such statements (*see People v Gifford*, 285 AD2d 669). We find that, viewed in totality as of the time of the representation, defendant received meaningful representation (*see People v Wright*, 295 AD2d 806) and he failed to " 'show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial' " (*People v McDonald*, 296 AD2d 13, 18, quoting *Hill v Lockhart*, 474 US 52, 59).

Cardona, P.J., Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.