■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WOODROW McKOY, Appellant. [755 NYS2d 338] —Rose, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered November 2, 2001, which revoked defendant's probation and imposed a sentence of imprisonment.

In November 2000, defendant, who had a prior misdemeanor driving while intoxicated conviction, pleaded guilty to one count of driving while intoxicated as a felony in full satisfaction of an indictment which also included a felony charge of driving while under the influence of drugs arising out of a separate incident. His driver's license was revoked and he was sentenced to five years' probation. In March 2001, after he was found to have used alcohol and marihuana, defendant was charged with violating the terms of his probation. He pleaded guilty to that charge and was continued on probation with the requirement that he participate in a drug and alcohol treatment program. In October 2001, however, he was charged again with violating the terms of his probation after he was found to be in possession of cocaine and to have consumed alcohol. He pleaded guilty to this charge and was sentenced to 1 to 3 years in prison. He now appeals.

Initially, defendant's claim that he was denied the effective assistance of counsel is not preserved for review inasmuch as he did not move to withdraw his plea or vacate the judgment of conviction (*see People v Welch*, 300 AD2d 833, 833 [2002]; *People v Negron*, 286 AD2d 824, 825 [2001], *lv denied* 97 NY2d 732 [2002]). Nevertheless, were we to address it, we would find it to be without merit. Although defendant was unrepresented at the initial proceeding on October 5, 2001, County Court did not disregard his request for counsel in violation of CPL 410.70 (4) or deny him the right to make a statement in violation of CPL 410.70 (2). The record discloses that, with the exception of the first proceeding, an attorney was always present to represent defendant's interests. Nothing substantive transpired during

the first proceeding and County Court merely advised defendant against making a statement without consulting with counsel, but did not prohibit him from doing so. The fact that assigned counsel ultimately stipulated to the violation does not indicate that he was ineffective particularly since defendant had a history of substance abuse, as well as a lengthy criminal record, and this was his second probation violation. Notably, the record indicates that after his first probation violation, County Court warned defendant that a second violation would subject him to four years in prison. Because defense counsel negotiated an advantageous plea, exposing defendant to less prison time, and nothing in the record casts doubt upon his effectiveness, we cannot say that his representation was ineffective (*see People v Terry*, 300 AD2d 757, 758 [2002]; *People v Wright*, 295 AD2d 806, 807 [2002]). In view of the foregoing, we also reject defendant's contention that the sentence is harsh or excessive, as we perceive no abuse of discretion or extraordinary circumstances warranting modification of the sentence in the interest of justice (*see People v Sawinski*, 294 AD2d 667, 669 [2002], *lv denied* 98 NY2d 701 [2002]).

Mercure, J.P., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.