■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC J. BULLIS, Appellant. [804 NYS2d 125]—

Crew III, J.P. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered September 19, 2003,

which revoked defendant's probation and imposed a sentence of imprisonment.

In 1999, defendant was convicted in Schenectady County of driving while intoxicated and sentenced to five years probation. Following his arrest in Orange County for driving while intoxicated in July 2003, a violation of probation petition was filed against defendant. In full satisfaction thereof, defendant admitted to failing to notify his probation officer of his arrest. County Court thereafter revoked defendant's probation and imposed a sentence of imprisonment of 1 to 3 years, prompting this appeal.

Initially, defendant's contention that he did not receive the effective assistance of counsel is not preserved for our review due to defendant's failure to move to withdraw his plea or vacate the judgment of conviction (*see People v McKoy*, 303 AD2d 842, 842-843 [2003], *lv denied* 100 NY2d 564 [2003]; *People v Wright*, 295 AD2d 806, 806-807 [2002]). Were we to address this argument, we would find it to be without merit. Counsel secured an agreement wherein it was only necessary for defendant to admit failing to report his arrest to the probation department, thereby avoiding any prejudice to defendant's position in the prosecution for driving while intoxicated pending in Orange County, and there is nothing in the record that casts doubt upon counsel's effectiveness (*see People v McKoy, supra* at 843; *People v Wright, supra* at 806-807).

Nor are we inclined to modify the sentence imposed in the interest of justice. We will not disturb the sentence imposed by a trial court absent a clear abuse of discretion or the existence of extraordinary circumstances (*see People v McKoy, supra* at 843; *People v Sawinski*, 294 AD2d 667, 669 [2002], *lv denied* 98 NY2d 701 [2002]), neither of which is present here. Moreover, County Court made no sentencing promises to defendant, the sentence imposed was within the permissible statutory range and defendant was aware, prior to making his admission, that it was not likely that this sentence and the sentence imposed upon his conviction in Orange County would run concurrently.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.