(July 20, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANDRA K. BERTSCH, Appellant. [818 NYS2d 360]—Appeal from a judgment of the County Court of Otsego County (Burns, J.), rendered July 15, 2005, which revoked defendant's probation and imposed a sentence of imprisonment.

Pursuant to a plea agreement, defendant pleaded guilty to criminally negligent homicide and driving while ability impaired

in full satisfaction of a seven-count indictment handed up against her in connection with a fatal automobile accident. County Court sentenced defendant to 90 days in jail, five years of probation and 500 hours of community service. The court subsequently determined that defendant violated the condition of her probation that prohibited her from consuming any alcohol. County Court thereafter revoked defendant's probation and resentenced her to a prison term of $1^1/3$ to 4 years. Defendant now appeals, arguing that the sentence imposed is harsh and excessive.

We will not disturb a trial court's sentencing determination absent an abuse of discretion or extraordinary circumstances (*see People v Sawinski*, 294 AD2d 667, 669 [2002], *lv denied* 98 NY2d 701 [2002]; *People v Hawke*, 270 AD2d 646, 647 [2000]). In light of the severity of the underlying offense and defendant's apparent inability to cease from engaging in similar conduct, even after serving an initial period of incarceration, we find that County Court did not abuse its discretion in sentencing her to a term of imprisonment notwithstanding her otherwise unremarkable criminal history and her involvement in community service (*see People v Novack*, 233 AD2d 617, 617 [1996]; *People v Yusko*, 222 AD2d 928, 928 [1995], *lv denied* 87 NY2d 1027 [1996]; *People v Heidorf*, 186 AD2d 915, 916 [1992]).

Crew III, J.P., Carpinello, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.