■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HENKEL, Appellant. [828 NYS2d 710]—

Kane, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered June 30, 2005, which revoked defendant's probation and imposed a sentence of imprisonment.

In 2004, defendant pleaded guilty to the felonies driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree and was thereafter sentenced to two concurrent terms of five years of probation, with the first six months to be served in jail. Based on his subsequent convictions of additional crimes stemming from an incident wherein he consumed alcohol and got into a physical altercation, he admitted that he violated his probation. As a result, County Court revoked his probation and resentenced him to concurrent prison terms of 2$\frac{1}{3}$ to 7 years for the driving while intoxicated conviction and 1$\frac{1}{3}$ to 4 years for the aggravated unlicenced operation of a motor vehicle in the first degree conviction. Defendant now appeals and we affirm.

Initially, inasmuch as defendant never requested an updated presentence investigation report nor moved to vacate the resentencing, his contention that County Court erred by failing to order such a report is not preserved for our review (*see People v Drew*, 16 AD3d 840, 841 [2005]; *People v Fernandez*, 7 AD3d 886, 887 [2004]). Even considering the claim, however, we find no abuse of County Court's considerable discretion in resentencing defendant without an updated presentence investigation report (*see People v Kuey*, 83 NY2d 278, 282 [1994]; *People v Peterson*, 7 AD3d 882, 883 [2004]).

Next, defendant's assertion that he was denied the effective assistance of counsel is also unpreserved for our review given his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Bullis*, 23 AD3d 835, 836 [2005], *lv denied* 6 NY3d 774 [2006]; *People v McKoy*, 303 AD2d 842, 842 [2003], *lv denied* 100 NY2d 564 [2003]). In any event, there is

no record support for defendant's claims that he was not afforded meaningful representation.

As a final matter, we reject defendant's contention that his resentence was harsh and excessive. Contrary to defendant's claim, there is no indication in the record that the resentence was imposed as a means of retribution. Considering the seriousness of the underlying crimes, defendant's extensive criminal history and "defendant's inability to refrain from repeated criminal conduct despite the prior leniency afforded him by the criminal justice system" (*People v Cook*, 287 AD2d 884, 884 [2001]), we cannot say that County Court abused its discretion or that extraordinary circumstances exist warranting a modification of defendant's sentence in the interest of justice (*see People v Bertsch*, 31 AD3d 961, 962 [2006]; *People v Garner*, 28 AD3d 875, 875 [2006]).

Cardona, P.J., Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.