■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARION L. ALEXANDER, Appellant. [972 NYS2d 353]—

Lahtinen, J.P. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered May 3, 2011, which revoked defendant's probation and imposed a sentence of imprisonment.

In February 2007, after pleading guilty to grand larceny in the fourth degree and criminal possession of a controlled substance outside of the original container, defendant was sentenced to 45 days in jail and five years of probation. In 2009, defendant admitted to violating her probation and it was thereafter modified to include the requirement that she successfully complete the Clinton County Drug Court program, with the understanding that if she failed to complete the program, her probation would be revoked and she would be resentenced to a prison term of 1$^1$/$_3$ to 4 years. In May 2011, defendant admitted to violating her probation and her drug court program agreement and County Court revoked defendant's probation and resentenced her to a prison term of 1$^1$/$_3$ to 4 years. Defendant appeals.

We affirm. Defendant's contention that County Court abused its discretion in resentencing her without an updated presentence investigation report is not preserved for our review, inasmuch as our review of the record indicates that she failed to request an updated report, make an objection during resentencing or move to vacate the resentence *(see People v Warren*, 87

AD3d 1185, 1186 [2011]; *People v Clark*, 80 AD3d 1079, 1079 [2011]; *People v Henkel*, 37 AD3d 873, 873 [2007], *lv denied* 8 NY3d 985 [2007]). Similarly, the lack of an indication in the record that defendant moved to withdraw her plea or vacate the judgment of conviction renders her claim that she was denied the effective assistance of counsel unpreserved for our review (*see People v Henkel*, 37 AD3d at 873; *People v Bullis*, 23 AD3d 835, 836 [2005], *lv denied* 6 NY3d 774 [2006]). Finally, as to defendant's claim that her resentence is harsh and excessive, we find no extraordinary circumstances nor any abuse of discretion warranting a reduction of the resentence in the interest of justice (*see People v Fitzgerald*, 100 AD3d 1268, 1269 [2012], *lv denied* 20 NY3d 1011 [2013]; *People v Wells*, 69 AD3d 1228, 1229 [2010]).

Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.