OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
In satisfaction of a four-count indictment, defendant pleaded guilty to attempted murder in the second degree. Under the plea agreement, he was promised a sentence of 11 years in prison, followed by five years of postrelease supervision. He waived his right to appeal.
At sentencing, County Court was presented with letters from the community, defendant’s sentencing memoranda and psychiatric reports, a letter from the victim and the presentence report concerning defendant’s prospects for rehabilitation. Upon consideration of all the information before it, County Court denied defendant’s request to be adjudicated a youthful offender. While acknowledging defendant’s mental illness, County Court determined that the illness did not outweigh the “seriousness of the crime he committed [nor] its impact on the victim and the community.” As a result, the court concluded that the interests of justice would not be served by granting defendant youthful offender status {see CPL 720.20 [1] [a]). Defendant was then sentenced in accordance with the plea agreement. The Appellate Division affirmed (106 AD3d 1136 [2013]).
As we have repeatedly observed, a plea of guilty generally “marks the end of a criminal case, not a gateway to further lit *1023 igation” (People v Taylor, 65 NY2d 1, 5 [1985]). The plea bargaining process includes “the surrender of many guaranteed rights” (People v Seaberg, 74 NY2d 1, 7 [1989]), such as the right to a trial by jury and to confrontation (see People v Hansen, 95 NY2d 227, 230 [2000]).
A defendant may also waive the right to appeal as a condition of a plea bargain (see Seaberg, 74 NY2d at 5). “[Generally, an appeal waiver will encompass any issue that does not involve a right of constitutional dimension going to ‘the very heart of the process’ ” (People v Lopez, 6 NY3d 248, 255 [2006], quoting Hansen, 95 NY2d at 230). This Court has recognized that the right to a speedy trial, challenges to the legality of a court-imposed sentence, questions about a defendant’s competency to stand trial, and whether the waiver was obtained in a constitutionally acceptable manner cannot be foreclosed from appellate review (see People v Callahan, 80 NY2d 273, 280 [1992]).
In People v Rudolph (21 NY3d 497, 499 [2013]), we held that under CPL 720.20 (1) “where a defendant is eligible to be treated as a youthful offender, the sentencing court ‘must’ determine whether he or she is to be so treated.” We further held that “compliance with this statutory command cannot be dispensed with, even where [a] defendant has failed to ask to be treated as a youthful offender, or has purported to waive his or her right to make such a request” (id.). Thus, we created a narrow exception that when a sentencing court has entirely abrogated its responsibility to determine whether an eligible youth (see CPL 720.10 [1], [2]) is entitled to youthful offender status, an appeal waiver would not foreclose review of the court’s failure to make that determination. Here, the sentencing court did, indeed, consider defendant’s youthful offender status upon his request.
It is well settled that once considered, a youthful offender adjudication is a matter left to the sound discretion of the sentencing court and therefore any review is limited (see CPL 720.20 [1] [a]). As we held in Lopez,
“when a defendant enters into a guilty plea that includes a valid waiver of the right to appeal, that waiver includes any challenge to the severity of the sentence. By pleading guilty and waiving the right to appeal, a defendant has forgone review of the terms of the plea, including harshness or excessiveness of the sentence” (People v Lopez, 6 NY3d 248, 256 [2006]).
*1024 To the extent defendant appeals the harshness of his sentence or the sentencing court’s exercise of discretion in denying youthful offender status, his appeal waiver forecloses the claim.
We therefore conclude that a valid waiver of the right to appeal, while not enforceable in the face of a failure to consider youthful offender treatment, forecloses appellate review of a sentencing court’s discretionary decision to deny youthful offender status once a court has considered such treatment. Accordingly, our review of County Court’s denial of defendant’s request is precluded by his appeal waiver, the validity of which he does not contest (see People v Brabham, 83 AD3d 1225, 1225 [3d Dept 2011]).