■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIDNEY CURRY, Appellant. [28 NYS3d 872]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered October 22, 2013, convicting defendant of conspiracy in the second degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 4 to 12 years and six years, respectively, unanimously affirmed.

The record does not support defendant's contention that the court failed to consider youthful offender (YO) treatment. On the contrary, "the sentencing court did, indeed, consider defendant's youthful offender status upon his request" (*People v Pacherille*, 25 NY3d 1021, 1023 [2015]). The court expressly stated that it had discretion to grant YO treatment but was denying it based on its individualized evaluation of the seriousness of defendant's criminal conduct. Accordingly, the court properly conducted the determination required by *People v Rudolph* (21 NY3d 497 [2013]).

Defendant made a valid waiver of his right to appeal (*see People v Sanders*, 25 NY3d 337, 341 [2015]; *People v Lopez*, 6 NY3d 248, 256-257 [2006]), which forecloses his remaining claims. Regardless of whether defendant validly waived his right to appeal, we perceive no basis for reducing the sentence or granting youthful offender treatment as a matter of discretion. Concur—Tom, J.P., Mazzarelli, Friedman, Richter and Kahn, JJ.