People v Derryan J. (2018 NY Slip Op 00254)





People v Derryan J.


2018 NY Slip Op 00254


Decided on January 16, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2018

Friedman, J.P., Mazzarelli, Kapnick, Webber, Moulton, JJ.


4530/13 5454A 1761/14 5454

[*1] The People of the State of New York, Respondent,
v
Derryan J., Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Laura Boyd of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jeffrey A. Wojcik of counsel), for respondent.



Judgment, Supreme Court, New York County (Jill Konviser, J.), rendered January 6, 2015, convicting defendant, upon his plea of guilty, of robbery in the first degree, adjudicating him a youthful offender, and sentencing him to a term of 1&frac13; to 4 years, and judgment, same court (Larry R.C. Stephen, J. at plea; Jill Konviser, J. at sentencing), rendered January 16, 2015, as amended March 9, 2015, convicting defendant of two counts of burglary in the third degree, and sentencing him to a concurrent aggregate term of 2&frac13; to 7 years, unanimously affirmed.
The sentencing court's comments, read in context, establish that it properly and explicitly considered defendant's request for youthful offender treatment, and declined to extend such treatment to the burglary convictions (see People v Rudolph, 21 NY3d 497 [2013]). The sentencing court, which had all the necessary information before it, expressly decided to grant YO treatment for defendant's robbery conviction, but deny it as to his burglary convictions, for reasons independent of any plea agreement.
Defendant made a valid waiver of his right to appeal from the burglary convictions (see People v Lopez, 6 NY3d 248, 257 [2006]). The court adequately explained that the right to appeal was separate from the trial rights forfeited upon a guilty plea. To the extent there was any ambiguity in the court's explanation, the written waiver ensured that defendant understood that in addition to the rights he was giving up by pleading guilty, he was separately giving up his right to appeal as a bargained-for condition of the plea (see People v Bryant, 28 NY3d 1094 [2016]).
Although waiver of the right to appeal does not foreclose review of a court's failure to comply with the requirements of Rudolph, a "valid waiver of the right to appeal forecloses appellate review of a sentencing court's discretionary decision to deny youthful offender status" (People v Pacherille, 25 NY3d
1021, 1024 [2015]). As an alternative holding, we find that the court providently exercised its discretion in denying YO treatment.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 16, 2018
CLERK