People v Lashway (2019 NY Slip Op 01795)





People v Lashway


2019 NY Slip Op 01795


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2017-01602
 (Ind. No. 223/16)

[*1]The People of the State of New York, respondent,
v
Kenneth Lashway, appellant.


Thomas N. N. Angell, Poughkeepsie, NY (Steven Levine of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered February 3, 2017, convicting him of failure to register or verify as a sex offender, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon his plea of guilty, of failure to register or verify as a sex offender and sentenced to five years of probation. The sentence of probation included certain conditions which, inter alia, forbade the defendant to "be present at places where children are known to congregate," and to "possess or own a cellular device that has a built-in camera." The defendant appeals.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 339-342; People v Lopez, 6 NY3d 248, 256-257; see generally People v Brown, 122 AD3d 133, 145-146). The defendant's valid waiver of his right to appeal precludes consideration of all of his contentions on appeal, except to the extent that he contends that his sentence was illegal (see People v Pacherille, 25 NY3d 1021, 1023). The defendant's contention that his sentence was illegal is without merit.
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court