People v Benson (2019 NY Slip Op 08572)





People v Benson


2019 NY Slip Op 08572


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
HECTOR D. LASALLE, JJ.


2016-12436

[*1]The People of the State of New York, respondent,
v
Gaven Benson, appellant. (S.C.I. No. 1479/15)


Laurette D. Mulry, Riverhead, NY (Edward E. Smith of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Nicole L. Gallo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Fernando Camacho, J.), rendered October 28, 2016, convicting him of attempted robbery in the second degree, upon his plea of guilty, and sentencing him to a determinate term of imprisonment of five years and a period of postrelease supervision of five years.
ORDERED that the judgment is modified, on the law, by vacating the period of postrelease supervision; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for the imposition of an appropriate period of postrelease supervision in accordance herewith.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 339-342; People v Lopez, 6 NY3d 248, 256-257; People v Lyons, 161 AD3d 1196; People v Miranda, 144 AD3d 844). The defendant's valid waiver of his right to appeal precludes review of his contentions that the County Court improvidently exercised its discretion in declining to grant him youthful offender treatment, or that the sentence imposed was excessive (see People v Pacherille, 25 NY3d 1021, 1024; People v Basurto-Lopez, 166 AD3d 643; People v Hardy, 120 AD3d 1358). However, as the People concede, the defendant's sentence was illegal to the extent that the court imposed a period of postrelease supervision of five years. Pursuant to statute, the court was required to impose a period of postrelease supervision of not less than one and one-half years nor more than three years (see Penal Law §§ 70.02[1][c]; 70.45[2][e]). Accordingly, we vacate the period of postrelease supervision imposed and remit the matter to the County Court, Suffolk County, for the imposition of an appropriate period of postrelease supervision in accordance with Penal Law § 70.45(2)(e).
BALKIN, J.P., CHAMBERS, LEVENTHAL and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court