People v Ayala (2021 NY Slip Op 03216)





People v Ayala


2021 NY Slip Op 03216


Decided on May 20, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 20, 2021

110346 112120
[*1]The People of the State of New York, Respondent,
v
Ismael Ayala, Appellant.

Calendar Date:April 28, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Mark Diamond, Albany, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



Egan Jr., J.P.
Appeals (1) from a judgment of the County Court of Albany County (Lynch, J.), rendered September 13, 2016, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree, and (2) by permission, from an order of the Supreme Court (Lynch, J.), entered February 3, 2020 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, after a hearing.
Defendant was charged in a four-count indictment with various crimes, the most serious being murder in the second degree. In satisfaction thereof, defendant pleaded guilty to the reduced charge of manslaughter in the first degree and waived his right to appeal. At sentencing, County Court declined to adjudicate defendant a youthful offender and sentenced him to a prison term of 22 years, to be followed by five years of postrelease supervision.
Defendant later moved pro se pursuant to CPL 440.10 to vacate the judgment of conviction based upon ineffective assistance of counsel. Supreme Court appointed new counsel for defendant and a hearing on the motion was held, during which both defendant and defendant's trial counsel testified. After the hearing, Supreme Court denied defendant's motion. Defendant appeals from the judgment of conviction and, by permission, from the denial of his CPL 440.10 motion.
Initially, we reject defendant's contention that his appeal waiver was invalid. Defendant was informed at the outset of the plea proceeding that waiving his right to appeal was part of the plea agreement. County Court advised defendant that the right to appeal was separate and distinct from the rights automatically forfeited by a guilty plea, which defendant indicated he understood. Defendant also executed a written waiver of appeal after reviewing it with counsel and he assured the court that he understood it. Discerning no infirmities in the combined oral and written waiver (compare People v Thomas, 34 NY3d 545, 562-563 [2019]), we find that defendant knowingly, intelligently and voluntarily waived the right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Gumbs, 182 AD3d 701, 701-702 [2020], lv denied 35 NY3d 1066 [2020]).
The valid appeal waiver precludes defendant's challenge to County Court declining to grant him youthful offender status (see People v Caggiano, 150 AD3d 1335, 1336 [2017], lv denied 29 NY3d 1124 [2017]; People v Simon, 140 AD3d 1533, 1534 [2016]). Although a valid appeal waiver will not preclude review "when a sentencing court has entirely abrogated its responsibility to determine whether an eligible youth is entitled to youthful offender status" (People v Pacherille, 25 NY3d 1021, 1023 [2015]), the court here found defendant to be eligible for youthful offender status but expressly denied granting such status as inappropriate (see People v Minemier, 29 NY3d 414, 421 [2017]; People v Pacherille, 25 NY3d at 1023; People v Simmons, 159 AD3d 1270, 1271 [2018]).
Defendant also challenges [*2]the denial of his CPL 440.10 motion that was based upon his claim that he received the ineffective assistance of counsel. Specifically, he argues that counsel failed to discuss a potential justification defense with him and that counsel did not adequately pursue a youthful offender adjudication. "In general, an ineffective assistance claim does not lie so long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (People v Rudolph, 170 AD3d 1258, 1262 [2019] [internal quotation marks and citations omitted], lv denied 34 NY3d 937 [2019]; see People v Baldi, 54 NY2d 137, 147 [1981]). "Further, it is well settled that in the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Roshia, 133 AD3d 1029, 1031 [2015] [internal quotation marks, brackets and citations omitted], affd 28 NY3d 989 [2016]; see People v Rudolph, 170 AD3d at 1262).
At the hearing on the motion, defendant testified that the victim had threatened to kill him in the past and that he feared for his life. Defendant further testified that he had obtained a gun in the days prior to the incident out of fear of the victim and, when the victim approached him that day and reached into his fanny pack, defendant shot and killed him in self-defense. According to defendant, he provided this information to defense counsel but, despite acknowledging the fact that he met with counsel approximately 13 times prior to pleading guilty, with the meetings lasting two hours each, he testified that counsel never discussed a potential justification defense with him. In contrast, counsel testified that he had discussed a justification defense with defendant several times "because it went to the heart of his case" but that, based upon the facts of the case, he was of the opinion that it would have been a "difficult defense." As Supreme Court found counsel's testimony to be credible, and "[s]uch credibility assessments are entitled to great deference on appeal," we find that counsel discussed a potential justification defense with defendant prior to his plea (People v Bodah, 67 AD3d 1195, 1196 [2009], lv denied 14 NY3d 838 [2010]; see People v Perry, 174 AD3d 1225, 1226 [2019], lv denied 34 NY3d 1018 [2019]).
Regarding defendant's youthful offender status, he argued in his motion that counsel failed to bring certain mitigating factors to County Court's attention at sentencing that would have resulted in defendant being granted such status, including his lack of a criminal record and that the victim had threatened him in the past. We note, however, that in denying defendant's CPL 440.10 motion, Supreme Court stated that the factors referenced by defendant were included in the presentence investigation report [*3]and that the court had taken such factors into consideration in reaching its decision. As such, defendant has not shown that he was prejudiced as a result of counsel's omissions (see People v Mercer, 105 AD3d 1091, 1093-1094 [2013], lv denied 21 NY3d 1017 [2013]; People v Thomson, 46 AD3d 939, 940 [2007], lv denied 9 NY3d 1039 [2008]; People v Williams, 299 AD2d 580, 580 [2002]; lvs denied 99 NY2d 616, 621 [2003]). In light of the foregoing, we will not disturb Supreme Court's denial of defendant's CPL 440.10 motion.
Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment and order are affirmed.