People v Fofona (2021 NY Slip Op 06928)





People v Fofona


2021 NY Slip Op 06928


Decided on December 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 09, 2021

Before: Kapnick, J.P., Moulton, González, Rodriguez, Pitt, JJ. 


 Ind Nos. 1659/17 2352/18 Dkt. No. 17098C/18 Appeal No. 14823-4823A Case Nos. 2019-05450 2019-1920 2019-05448 

[*1]The People of the State of New York, Respondent,
v
Oumar Fofona Also Known as Oumar Fofana, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Elizabeth M. Vasily of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Robert L. Myers of counsel), for respondent.



Judgments, Supreme Court, Bronx County (George R. Villegas, J.), rendered December 13, 2018, as amended December 17, 2018 and January 14, 2019, convicting defendant, upon his pleas of guilty, of attempted rape in the first degree, escape in the second degree and criminal mischief in the fourth degree, and sentencing him to an aggregate term of nine years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the fees and surcharges imposed at sentencing for the attempted rape conviction only, and otherwise affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US ——, 140 S Ct 2634 [2020]; People v Bryant, 28 NY3d 1094, 1096 [2016]), which forecloses his challenge to the denial of youthful offender treatment and review of his excessive sentence claim. As an alternative holding, we find that the court providently exercised its discretion in denying youthful offender treatment (see People v Pacherille, 25 NY3d 1021, 1023-1024 [2015]). We also perceive no basis for reducing the sentence. However, based on the People's consent as a matter of prosecutorial discretion, and pursuant to our own interest of justice powers, we waive the surcharge and fees imposed on defendant at sentencing for the attempted rape conviction (see People v Chirinos, 190 AD3d 434 [1st Dept 2021]). There is no basis for similar relief as to the other convictions, because the crimes were committed when defendant was over 21 years old. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2021