People v Ross (2022 NY Slip Op 00141)





People v Ross


2022 NY Slip Op 00141


Decided on January 11, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2022

Before: Gische, J.P., Kern, Friedman, Oing, Singh, JJ. 


Ind. No. 63/14, 4071/14 Appeal No. 15035-15035A Case No. 2016-1884 

[*1]The People of the State of New York, Respondent,
v
Tyrik Ross, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Laura Boyd of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jennifer Westphal of counsel), for respondent.



Judgments, Supreme Court, New York County (Abraham L. Clott, J.), rendered September 30, 2015, as amended October 21 and October 27, 2015, convicting defendant, upon his pleas of guilty, of three counts of robbery in the second degree and two counts of criminal possession of a weapon in the fourth degree, and sentencing him to an aggregate term of 3½ to 7 years, unanimously modified, on the law, to the extent of vacating the surcharge and fees imposed at sentencing on the conviction where defendant was sentenced to 2&frac13; to 7 years as a juvenile offender, and also modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharges and fees imposed on all other convictions, and otherwise affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US , 140 S Ct 2634 [2020]; People v Bryant, 28 NY3d 1094, 1096 [2016]), which forecloses review of the court's discretionary denial of youthful offender treatment (see People v Pacherille, 25 NY3d 1021, 1023-24 [2015]). In any event, we find that the court providently exercised its discretion in that regard.
As the People concede, the court should not have imposed fees in connection with defendant's juvenile offender conviction.
Based on our own interest of justice powers and the People's consent, we vacate the surcharge and fees imposed on the other convictions (see People v Chirinos, 190 AD3d 434 [1st Dept 2021]).
Defendant's argument concerning his sentence and commitment sheet is moot because the error in the original sheet has been corrected.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2022