People v Wood (2022 NY Slip Op 01850)





People v Wood


2022 NY Slip Op 01850


Decided on March 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 17, 2022

112205
[*1]The People of the State of New York, Respondent,
v
Wayne E. Wood, Appellant.

Calendar Date:February 10, 2022

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

Kathryn Friedman, Buffalo, for appellant.
Kirk O. Martin, District Attorney, Owego (Torrance L. Schmitz of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Tioga County (Keene, J.), rendered June 11, 2018, convicting defendant upon his plea of guilty of the crime of attempted rape in the first degree.
Defendant was indicted and charged with one count each of attempted rape in the first degree, strangulation in the second degree and unlawful imprisonment in the first degree. The People twice offered to permit defendant to plead guilty to attempted rape in the first degree in full satisfaction of the indictment. The initial offer included a prison term of 10 years followed by seven years of postrelease supervision, and the People's subsequent offer included a prison term of seven years followed by seven years of postrelease supervision. Defendant rejected both offers, and the matter proceeded to trial.
After hearing a portion of the victim's testimony, defendant elected to plead guilty to attempted rape in the first degree with the understanding that he would be sentenced as a second violent felony offender to a prison term of 10 years followed by 10 years of postrelease supervision. Defendant pleaded guilty in conformity with the plea agreement, and County Court thereafter sentenced defendant — as a second violent felony offender — to the contemplated term of imprisonment. This appeal ensued.
We affirm. Defendant's challenge to the voluntariness of his plea, which is premised upon his claim of ineffective assistance of counsel, is unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion — despite having ample opportunity to do so prior to sentencing (see People v McCoy, 198 AD3d 1021, 1022 [2021], lv denied 37 NY3d 1162 [2022]; People v Brewster, 194 AD3d 1266, 1267 [2021], lv denied 37 NY3d 970 [2021]). Contrary to defendant's assertion, the narrow exception to the preservation requirement is inapplicable, as defendant did not make any statements — either during the plea colloquy or at the time of sentencing — that negated an element of the charged crime, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (see People v Nack, 200 AD3d 1197, 1198 [2021]; People v Strack, 177 AD3d 1036, 1037 [2019]). To be sure, defendant did — prior to sentencing — author an unsworn letter to County Court, wherein he asserted that he was pleading guilty only because trial counsel believed that the victim was credible and because counsel purportedly gave him erroneous advice regarding his possible sentencing exposure. However, defendant did not reiterate any of these arguments at the time of sentencing and, to our reading, nothing on the face of the letter contradicted defendant's sworn plea allocution so as to trigger further inquiry by County Court (see People v Thomas, 175 AD3d 1614, 1614 [2019], lv denied 34 NY3d 1019 [2019]; see also People v Favreau, 174 AD3d 1226, 1228 [2019], lv denied 34 NY3d 980 [2019]).
In any event, "in the context of a guilty [*2]plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Ayala, 194 AD3d 1255, 1257 [2021] [internal quotation marks and citation omitted], lv denied 37 NY3d 970 [2021]). Contrary to defendant's assertion, he was repeatedly — and correctly — advised of his potential sentencing exposure (see Penal Law §§ 70.02 [1] [b]; [3] [b]; 70.04 [3] [b]), and "defense counsel's frank advice regarding the strength of the People's case against defendant and the potential increased sentencing exposure did not amount to coercive or threatening conduct" (People v Vargas, 171 AD3d 1394, 1395 [2019]; see People v Walker, 173 AD3d 1561, 1562 [2019]). Notably, defense counsel explained the strategic reasons underlying defendant's eventual decision to plead guilty. Defendant's remaining contentions, including his assertion that the agreed-upon sentence imposed is harsh and excessive, have been examined and found to be lacking in merit.
Egan Jr., J.P., Clark, Aarons and McShan, JJ., concur.
ORDERED that the judgment is affirmed.