People v Evans (2022 NY Slip Op 03617)

People v Evans

2022 NY Slip Op 03617

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND BANNISTER, JJ.

305 KA 18-02096

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JORDAN EVANS, DEFENDANT-APPELLANT. 

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered February 28, 2017. The judgment convicted defendant after a nonjury trial of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [3]). Initially, we conclude that defendant "failed to preserve for our review his contention that he did not knowingly, voluntarily and intelligently waive the right to a jury trial inasmuch as he did not challenge the adequacy of his allocution with respect to the waiver" (People v White, 43 AD3d 1407, 1407 [4th Dept 2007], lv denied 9 NY3d 1010 [2007]; see People v Dibble, 176 AD3d 1584, 1585 [4th Dept 2019], lv denied 34 NY3d 1077 [2019]). In any event, defendant's contention lacks merit. The record establishes that defendant "was advised of, understood and knowingly waived his right to a jury trial, after discussing it with counsel and signing a written waiver of jury trial in open court" (People v Harris, 139 AD3d 1244, 1246 [3d Dept 2016], lv denied 28 NY3d 930 [2016]; see People v Wegman, 2 AD3d 1333, 1334 [4th Dept 2003], lv denied 2 NY3d 747 [2004]). To the extent defendant claims he was denied effective assistance of counsel when deciding whether to waive his right to a jury trial, that contention involves matters outside the record on appeal and therefore must be raised by way of a CPL article 440 motion.
Contrary to defendant's further contention, we conclude, after viewing the evidence in light of the elements of the crime of criminal possession of a weapon in the third degree in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), that the verdict on that count is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We reject defendant's contention that Supreme Court erred in determining that he is not entitled to youthful offender treatment. Before trial, defense counsel requested that the court consider adjudicating defendant a youthful offender (see generally CPL 720.10 [2] [a] [ii]; [3] [i]). At sentencing, however, defense counsel failed to seek such an adjudication. Nevertheless, the court, at sentencing, stated that it "did not find any mitigating circumstances that would support a youthful offender status." Defense counsel did not object to the denial of youthful offender status. On appeal, defendant contends that the court erred in concluding that there were no mitigating circumstances. Even assuming, arguendo, that defendant's contention is preserved for our review (cf. People v Lang, 178 AD3d 1362, 1363 [4th Dept 2019], lv denied 34 NY3d 1160 [2020]; People v Ficchi, 64 AD3d 1195, 1195 [4th Dept 2009], lv denied 13 NY3d 859 [2009]), we conclude that the court did not err in determining that there were no "mitigating [*2]circumstances that bear directly upon the manner in which the crime was committed" (CPL 720.10 [3] [i] [emphasis added]; see generally CPL 720.10 [2] [a] [ii]; People v Meridy, 196 AD3d 1, 7 [4th Dept 2021], lv denied 37 NY3d 973 [2021]).
Viewing the evidence, the law, and the circumstances in totality and as of the time of representation, we also reject defendant's contention that he was denied meaningful representation at sentencing (see generally People v Baldi, 54 NY2d 137, 147 [1981]). In particular, defendant was not denied effective assistance of counsel based on defense counsel's failure to pursue a youthful offender adjudication at sentencing (see People v Cox, 75 AD3d 1136, 1136 [4th Dept 2010], lv denied 15 NY3d 919 [2010]; see also People v Ayala, 194 AD3d 1255, 1257-1258 [3d Dept 2021], lv denied 37 NY3d 970 [2021]).
Finally, we conclude that the sentence imposed on the conviction of criminal possession of a weapon in the second degree is not unduly harsh or severe.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court