People v Coleman (2022 NY Slip Op 05762)

People v Coleman

2022 NY Slip Op 05762

Decided on October 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 13, 2022

Before: Renwick, J.P., Friedman, Singh, Shulman, Higgitt, JJ. 

Ind. No. 3592/17, 850/18 Appeal No. 16424-16424A Case No. 2019-04989 

[*1]The People of the State of New York, Respondent,
v
Jayquan Coleman, Also Known as Jaquan Colman, Defendant-Appellant. 

Robert S. Dean, Center for Appellate Litigation, New York (Carola M. Beeney of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (R. Jeannie Campbell-Urban of counsel), for respondent.

Judgment, Supreme Court, New York County (Guy Mitchell, J. at plea; Steven M. Statsinger, J. at sentencing), rendered July 17, 2019, as amended September 6, 2019, convicting defendant of robbery in the second degree, and sentencing him to a term of 3½ years, and judgment, same court (Statsinger, J.), rendered July 17, 2019, convicting defendant, upon his plea of guilty, of robbery in the first degree, and sentencing him to a consecutive term of 5 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge and fees imposed at sentencing on each case, and otherwise affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]). Defendant's argument that he did not sign the written waiver form, which was signed only by his counsel, does not warrant a different conclusion under the circumstances of this case (see e.g. People v Lopez, 6 NY3d 248, 254-55, 257 [2006]). We do not consider the arguments that are raised for the first time in defendant's reply brief, including his remaining arguments that his waiver was not knowing, intelligent, and voluntary.
Defendant's valid waiver of his right to appeal forecloses review of the court's discretionary determination in which it denied youthful offender treatment (see People v Pacherille, 25 NY3d 1021, 1023-1024 [2015]), as well as his claims that his sentence is excessive and that the surcharges and fees imposed at sentencing should be vacated pursuant to CPL 420.35(2-a). In any event, we find that the court providently exercised its discretion in denying youthful offender treatment, and we perceive no basis for reducing the sentence.
However, the People elect not to rely on the appeal waiver in this case to the extent it applies to the issue of fees and surcharges. Based on the People's consent as a matter of prosecutorial discretion, and pursuant to our own interest of justice powers, we waive the surcharge and fees imposed on defendant at sentencing (see e.g. People v Chirinos, 190 AD3d 434 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2022