People v Stackhouse (2023 NY Slip Op 01371)

People v Stackhouse

2023 NY Slip Op 01371

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, BANNISTER, AND OGDEN, JJ.

9 KA 21-01501

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CARLOS STACKHOUSE, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (REID W. GULSVIG OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered September 24, 2021. The judgment convicted defendant upon his plea of guilty of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal Nos. 1 and 2, defendant appeals from judgments convicting him upon his pleas of guilty during a single plea proceeding of, respectively, manslaughter in the first degree (Penal Law § 125.20 [1]) and assault in the second degree (§ 120.05 [7]). We affirm in both appeals.
Contrary to defendant's contention in each appeal, the record establishes that he validly waived his right to appeal (see People v Cromie, 187 AD3d 1659, 1659 [4th Dept 2020], lv denied 36 NY3d 971 [2020]; see generally People v Thomas, 34 NY3d 545, 557-563 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). The valid waiver of the right to appeal forecloses appellate review of defendant's challenges in appeal No. 1 to the severity of the sentence (see People v Lopez, 6 NY3d 248, 255 [2006]) and County Court's discretionary decision to deny youthful offender status (see People v Pacherille, 25 NY3d 1021, 1024 [2015]).
Contrary to defendant's contention in appeal No. 2, the record establishes that, in addition to rendering a youthful offender determination with respect to the manslaughter conviction, the court fulfilled its obligation to make such a determination with respect to the assault conviction as well (see People v Peyrefitte, 210 AD3d 438, 438 [1st Dept 2022]; see generally CPL 720.20 [1]; People v Rudolph, 21 NY3d 497, 499 [2013]). Although the court understandably focused most of its attention on the more serious crime of manslaughter, the transcript of the combined sentencing proceeding demonstrates that the court expressly acknowledged its contemplation of a youthful offender adjudication with respect to each conviction and that, after weighing the requisite factors, determined that it would "not grant[ ] youthful offender adjudication in this matter"—i.e., the matter set for sentencing involving both crimes. The court effectively determined that "the seriousness and volume of defendant's crimes (which included a homicide and [an]other violent act[]) rendered him an unsuitable candidate for youthful offender treatment as to [either] of his convictions" (Peyrefitte, 210 AD3d at 438). Defendant's valid waiver of the right to appeal forecloses appellate review of any challenge to the court's discretionary decision to deny youthful offender status on the assault conviction in appeal No. 2 (see Pacherille, 25 NY3d at 1024).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court