People v Artis (2023 NY Slip Op 02619)

People v Artis

2023 NY Slip Op 02619

Decided on May 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 16, 2023

Before: Webber, J.P., Kern, Oing, Scarpulla, Rodriguez, JJ. 

Ind. No. 4417/16 Appeal No. 290 Case No. 2019-05047 

[*1]The People of the State of New York, Respondent,
v
Kalik Artis, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (V. Marika Meis of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Catherine Marotta of counsel), for respondent.

Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered June 3, 2019, as amended January 31, 2022, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him to a term of 3½ years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]; People v Bryant, 28 NY3d 1094, 1096 [2016]), which forecloses review of the court's discretionary denial of youthful offender treatment (see People v Pacherille, 25 NY3d 1021, 1023-1024 [2015]) and of defendant's excessive sentence claim. In any event, we find that the court providently exercised its discretion in denying youthful offender treatment, and we perceive no basis for reducing the five-year period of postrelease supervision.
Defendant did not preserve any of his Second Amendment challenges, based on the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (__ US __, 142 S Ct 2111 [2022]), to his conviction under Penal Law § 265.03(3), or his related challenge to the constitutionality of his sentence, and we decline to review these claims in the interest of justice (see People v Adames, AD3d, Appeal No. 257 [decided herewith]). As an alternative holding, we find that on the present record, defendant has failed to establish that his conviction or sentence is unconstitutional (see id.). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 16, 2023